John E. Frey, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1978, before Judges CRUMLISH, JR., ROGERS and DISALLE, sitting as a panel of three.

*Thomas E. Richie,* with him *William S. Kreisher,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 7, 1978:

John E. Frey, Sr. has appealed from an order of the Unemployment Compensation Board of Review which affirmed a referee's decision that he voluntarily quit his employment and was ineligible for benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (b)(1).

Frey was a participant in the Comprehensive Employment and Training Act (CETA) program, which is a federally funded program to encourage employment and training of unemployed and underemployed persons. Employers who qualify for federal CETA funds must abide by certain regulations, including minimum wage requirements. Frey was employed for a little less than one year in the CETA program as a custodian by the Bloomsburg Area School District until May 26, 1976 when he voluntarily terminated his employment because the employer refused to grant him a salary increase. Frey applied for unemployment compensation benefits which were denied by the

Bureau of Employment Security pursuant to Section 402(b)(1). Frey appealed and was granted a hearing before a referee who affirmed the Bureau's denial of benefits. An appeal to the Unemployment Compensation Board of Review resulted in the affirmance of the referee's decision. Frey then appealed to this Court.

Frey argues that he quit his employment for a cause of a necessitous and compelling nature and is therefore eligible for benefits because the school district repeatedly and consistently refused to pay him the amount of wages which he was entitled to receive as a participant in the CETA program. Frey made this assertion at the referee's hearing conducted on August 17, 1976 but he was then unable to support his claim with other evidence. However, in January, 1977, the school district seems to have discovered that Frey was correct in his demands and that he should have been receiving higher wages because of his participation in the CETA program. The school district seems to have paid Frey more than $500 as unpaid wages due. While we will not ordinarily consider matters outside the record of the proceedings below, we believe that in view of the fact that Frey raised the matter at the referee's hearing, fairness requires that we remand this matter to the Board of Review for a further evidentiary hearing and a determination in the light of all the facts.

Accordingly, we enter the following

### ORDER

AND Now, this 7th day of April, 1978, the order of the Unemployment Compensation Board of Review dated December 22, 1976 in the above captioned matter is vacated and the record is hereby remanded to the Board for further proceedings consistent with this Opinion.