Kenneth P. Pastorius, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 27, 1978, before Judges CRUMLISH, JR., ROGERS and DISALLE, sitting as a panel of three.

*James Bukac,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 19, 1978:

Kenneth Pastorius has appealed an order of the Unemployment Compensation Board of Review (Board) which reversed a referee's award of benefits. The Board's action was based on its conclusion that Mr. Pastorius had failed to prove that his voluntary termination of his employment was due to a cause of necessitous and compelling nature.

Mr. Pastorius was employed as a maintenance worker by the Limewood Company for about four years. He testified at the referee's hearing that on or about July 2, 1976 he was fired by Limewood's plant manager, a Mr. Downing. Mr. Downing, however, testified that Mr. Pastorius had quit his employment. The referee found that Mr. Pastorius had quit. This finding is supported by competent evidence and we may not disturb it. It follows that we cannot conclude, as the appellant desires, that the referee and

the Board erred by treating the case as one involving a voluntary quit under Section 402(b)(1) of the Unemployment Compensation Law (Law)[1] rather than as one involving discharge for willful misconduct under Section 402(e)[2] of the Law.

Section 402(b)(1) provides that a claimant who voluntarily leaves his employment is ineligible for benefits unless he proves that his leaving was for cause of a necessitous and compelling nature. The referee concluded that the appellant met this burden in this regard by testifying that he was having mental problems for which he was attempting to obtain professional treatment at the time of his termination. The Board reversed the referee because the "[c]laimant presented no medical certification to show that he was advised to leave his employment for health reasons." The appellant says it is not necessary for him to offer medical testimony that he was advised to quit his job in order to prove he had sufficient medical reasons for termination. We agree. In *Deiss v. Unemployment Compensation Board of Review*, Pa. , 381 A.2d 132 (1977),[3] the Pennsylvania Supreme Court disapproved the principle announced in a number of cases to the point that an employe who quits his employment for reasons of health must prove that he had been advised to quit by a physician.

The Board reversed the referee and denied benefits solely because the claimant failed to produce proof that he had been advised to quit his employment for health reasons, an untenable ground for decision since *Deiss.* Although other grounds for holding the ap-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[3] *Deiss* was filed on December 23, 1977, almost a year after the Board's decision in this case.

pellant to be ineligible may exist in the record, we believe that fairness requires that the Board's order be vacated and the record remanded to the Board for a new decision.

Accordingly, we enter the following

ORDER

AND Now, this 19th day of April, 1978, the order of the Unemployment Compensation Board of Review dated January 6, 1977 is vacated and the record is remanded to the Board for consideration consistent with this opinion.