Mary H. Kovarik, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

166

Argued March 2, 1978, before Judges Wilkinson, Jr., Mencer and Blatt, sitting as a panel of three.

*Louis M. Shucker,* with him *Barbara J. Hart,* for appellant.

*Susan Shinkman,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Blatt, June 21, 1978:

Mary H. Kovarik (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which disqualified her from receiving benefits under Section 402(b)(1) of the Unemployment Compensation Law[1] (Law), 43 P.S. §802(b)(1). The Board held that she had voluntarily left

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

work without cause of a necessitous and compelling nature.

The claimant was hired by Vanity Fair Corporation as a paste-up artist on June 21, 1976, and she worked in this capacity for three days. On the fourth day, she advised her employer that she would be unable to report to work because she had a sinus infection which she attributed to the cold temperature in the building where she worked. On the same day, she reported to the local unemployment office and, after explaining her problem, she was advised to obtain medical documentation of her sinus condition. Two days later, she saw her physician, who wrote a letter indicating that the claimant's sinus infection was "brought on by the fact that she had to work in severe temperature changes," but she did not then or later contact her employer. On July 1, 1976, a representative of her employer telephoned her to find out when she would be returning to work, and, although her testimony regarding this conversation differs from the testimony of the employer's representative, the latter's testimony was that he understood that the claimant would not be returning to work.

The claimant's request for unemployment benefits was denied by the Bureau of Employment Security, and this determination was later upheld by both the referee and the Board. The issue in the appeal, therefore, is whether or not she was properly denied benefits pursuant to Section 402(b)(1) of the Law, 43 P.S. §802(b)(1), for voluntarily leaving work without cause of a necessitous and compelling nature.

The burden of showing that a voluntary termination was with cause of a necessitous and compelling nature rests with the claimant. *Pfafman v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 197, 300 A.2d 295 (1973). A physical disability may constitute such a cause for leaving em-

ployment, but the law requires that an employe inform his employer of his health problem, request a transfer to work which is suitable in light of the health problem, and offer evidence that, at the time of the termination, his health reasons were adequate to justify termination of his employment. *Baldassano v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 457, 383 A.2d 988 (1978). The claimant must also show that he has made a reasonable effort to preserve his employment and that he has had no real choice but to leave. *Pfeffer v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 601, 382 A.2d 511 (1978); *Unemployment Compensation Board of Review v. Kapsch,* 18 Pa. Commonwealth Ct. 456, 336 A.2d 652 (1975).

The claimant's own testimony regarding discussion of her health problem with her employer is revealing:

Did you discuss your problem with anyone in supervision?

No.

Did you go to them and ask them for other work? Anyone?

No, I didn't.

Why didn't you?

Well that's the type of work that I do.

The referee found that "[t]he claimant did not discuss her problem with her superiors, neither did she ask for other work or a leave of absence." This finding is clearly supported by the claimant's own testimony, and we must agree with the referee and the Board that the claimant did not make the kind of reasonable effort to preserve her employment which the law requires of her.

We will, therefore, affirm the Board's decision that this claimant should be disqualified from receiving unemployment benefits.

## ORDER

AND Now, this 21st day of June, 1978, the order of the Unemployment Compensation Board of Review, denying benefits to Mary H. Kovarik, is hereby affirmed.