Michael Fioretti, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 10, 1979, before Judges WIL-KINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Michael D. Fioretti,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., October 1, 1979:

This is an appeal by petitioner (claimant) from a decision of the Unemployment Compensation Board of Review (Board) which reversed the decision of the referee. The Board held claimant ineligible for unemployment compensation benefits finding he had voluntarily retired. We affirm the Board's denial of benefits.

The claimant was employed as a delivery man for three years by Breuninger Dairies Company. For the 22 years immediately prior thereto, Sealtest Corporation employed claimant to deliver milk. In October 1977 claimant sustained chest pains, back pains, and shortness of breath. He began treatment by a physician, who diagnosed a pinched nerve in the neck. Treatment continued into January 1978.

In early January of 1978 claimant informed the sales manager of Breuninger Dairies of claimant's retirement plans and filled out an application for retirement. Claimant stated his expected retirement date as January 31, 1978. Subsequently claimant applied for pension benefits and social security. During heavy snowstorms on January 20 and 21, 1978, claimant put in two extremely rough workdays and experienced great pain. His last day of work was January 21, 1978. In March 1978 claimant applied for unemployment compensation benefits.

There is no dispute that claimant voluntarily terminated the employment. Claimant asserts that he quit for health reasons. Thus the pertinent statutory provision is Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802 (b)(1), which provides, in part:

> An employe shall be ineligible for compensation for any week—
>
> . . . . .
>
> (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

Voluntary retirement renders one ineligible for unemployment compensation benefits, but physical disability may constitute a necessitous and compelling justification for voluntary termination of employment and render an employee eligible for benefits. *See Baldassano v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 457, 383 A.2d 988 (1978). The burden of showing that a voluntary termination was with cause of a necessitous and compelling nature rests with a claimant. *Kovarik v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 165, 387 A.2d 521 (1978).

In this case claimant contends that he established his quitting was based on necessitous and compelling reasons, but the Board found otherwise. The Findings of Fact of concern are:

2. The claimant informed his employer that he wished to accept his retirement because his work was affecting his health.

3. The claimant requested retirement approximately two weeks prior to his last day of work and gave as an effective date January 31, 1978.

4. The claimant did not inform his employer that he was advised by his physician to quit work due to health conditions.

. . . .

6. On January 23, 1978, after the claimant had requested his retirement, the claimant's physician recommended the claimant do no work and no heavy lifting.

The Board's findings are directly supported by claimant's testimony and testimony of Breuninger Dairies' sales manager. There is testimony by claimant that negate such findings, but questions of credibility and the resolution of conflicts in the evidence are for the factfinder and are binding on this Court. *Fitterling v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 113, 398 A.2d 744 (1979).

Claimant's second argument is that the Board's decision has as its dispositive basis the fact that no advice to quit his job was given to claimant by a physician until after claimant's last day of work. Claimant correctly points out that the law does not require a claimant to offer medical testimony that he was advised to quit his job in order to prove he had sufficient medical reasons for termination. *Pastorius v. Unemployment Compensation Board of Review,* 35 Pa. Com-

monwealth Ct. 52, 384 A.2d 1039 (1978). However, the Board decision did not deny benefits because claimant failed to prove he received such medical advice before he terminated his employment. Rather, the Board denied benefits because it concluded that the cause of claimant's quitting work was the claimant's announced intention to retire.

Since the Board findings are supported by substantial evidence and its decision does not contain an error of law, we will enter the following

ORDER

AND Now, October 1, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-160833, dated June 29, 1978, is hereby affirmed.