Kenneth P. Pastorius, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 3, 1979, before Judges Wilkinson, Jr., Mencer and Rogers, sitting as a panel of three.

*James Bukac,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, March 12, 1980:

Kenneth P. Pastorius (claimant) quit his job with Limewood Company (employer) on July 6, 1976. He was denied unemployment compensation under Section 402(b)(1) of the Unemployment Compensation Law (Law)[1] on the basis that he terminated employment without cause of a necessitous and compelling nature. On appeal, the referee granted benefits on the basis that claimant terminated his employment because of mental problems for which he subsequently sought medical care. Thereafter, the Unemployment Compensation Board of Review (Board) reversed and denied benefits because claimant failed to present medical certification that he was advised to terminate his employment for health reasons. On appeal to this court, we reversed the Board and remanded for further consideration in light of the decision in *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977), which was decided after the Board's decision and which disapproved the standard relied upon by the Board.[2] The Board, without hearing additional evidence or argument, again denied benefits on the basis that claimant's assertion that his mental problems justified his termination was not supported by competent testimony as required by *Deiss.* Following reconsideration at claimant's request, the Board reached the same result and this appeal followed. We affirm.

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[2] *Pastorius v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 52, 384 A.2d 1039 (1978).

In *Deiss, supra,* our Supreme Court held that a termination of employment for health reasons may be a termination for cause of a necessitous and compelling nature under Section 402(b)(1) of the Law, even though the employee was not advised to quit for health reasons, "[i]f a claimant realizes that either physically or emotionally he is unable to continue working and he offers competent testimony that at time of termination, adequate health reasons existed to justify termination. . . ." (Emphasis omitted.) 475 Pa. at 555-56, 381 A.2d at 136.[3]

Claimant's principal argument here is that, despite the lack of medical evidence regarding his mental health problem, his employer's testimony concerning those problems constitutes "competent testimony" which satisfies the *Deiss* standard.[4] His employer did relate his observations of claimant's behavior and testified that claimant appeared to be having problems manifested by occasional unusual behavior and deterioration of his work performance over his last 3 months. This testimony, however, did not purport to establish that continuation of his work would have been injurious to his health or that his work adversely affected his mental condition, such that it was necessary to quit. Therefore, the employer's testimony, though competent as to his observations, could not

---

[3] In *Deiss*, the Supreme Court found that a psychotherapist's testimony concerning a claimant's mental condition at the time of termination constituted competent evidence to support the claim that employment was terminated for cause of a necessitous and compelling nature where the claimant did not show that he had been advised to quit.

[4] Claimant asserts that the Board's decision was based upon a precept that medical testimony only is the "competent testimony" required by *Deiss*. Since, however, the Board does not rely on this precept either in its decision or in its brief, we need not address claimant's argument regarding the validity of the proposition.

support the crucial determination of whether claimant's health justified his termination. *See Marzolf Unemployment Compensation Case,* 198 Pa. Superior Ct. 203, 181 A.2d 867 (1962). We conclude, as did the Board, that claimant presented no competent testimony that he left work for cause of a compelling nature.[5]

Claimant also asserts that the Board abused its discretion when, on remand from this court, it (1) arbitrarily changed a finding of fact without hearing further evidence and (2) refused claimant's request to present additional evidence.

First, the Board did change a finding in an apparent attempt to clarify its factual findings regarding claimant's termination. However, we have found no authority for the proposition that the Board is bound by its own finding upon reconsideration, absent further hearings. Since the Board has ultimate fact-finding authority, *Unemployment Compensation Board of Review v. Wright,* 21 Pa. Commonwealth Ct. 637, 347 A.2d 328 (1975), and may even substitute its findings for those of the referee without a hearing, *Unemployment Compensation Board of Review v. Kennedy,* 18 Pa. Commonwealth Ct. 248, 334 A.2d 849 (1975), and, since those findings are always subject, on appeal, to the test of whether they are supported by, or were made in capricious disregard of, the evidence, we are convinced that the Board has authority to change its own findings upon reconsid-

---

[5] We note that a claimant's unsupported self-serving declarations that his work adversely affected his health are, as here, insufficient to show compelling cause for termination. *See Schwartz v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 451, 399 A.2d 1141 (1979); *Unemployment Compensation Board of Review v. Lego,* 24 Pa. Commonwealth Ct. 569, 357 A.2d 701 (1976).

eration and that, in this case, that authority was not abused.

Second, we have examined claimant's request of the Board for an opportunity to present additional evidence and find it to be vague and nonspecific. It not only fails to show that he is prepared to present evidence regarding his mental health problem and its relation to his work, the crucial issue before the Board on remand, but it also fails to show that any evidence will be presented which was not available at the time the matter was initially before the referee. Further, claimant's counsel failed to avail himself of the opportunity to pursue his request at a scheduled oral argument before the Board, granted because of his request for reconsideration. Therefore, we must conclude that the Board did not abuse its discretion in not affording claimant another hearing. *See Chambers v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 317, 318 A.2d 422 (1974).

Finally, we have examined claimant's other arguments and find them to be without merit.[6] First, the record reveals that claimant was not denied the opportunity to freely testify before the referee; the referee merely counseled him not to testify to matters about which he was uncertain. Second, the Board made necessary findings to resolve the issues before it.

---

[6] As the Board noted in its decision, where a claimant quits work for health reasons constituting a necessitous cause, he still must show that he made reasonable efforts to preserve the employment relationship. *See Schwartz v. Unemployment Compensation Board of Review, supra* note 5. In this case, we need not discuss issues raised by claimant related to his attempt to preserve the employment relationship since we have determined in the first instance that his termination was not for cause of a necessitous and compelling nature.

ORDER

AND Now, this 12th day of March, 1980, the order of the Unemployment Compensation Board of Review, dated January 10, 1979, reinstating its decision and order dated June 21, 1978, denying benefits to Kenneth P. Pastorius, is affirmed.

President Judge BOWMAN and Judge DISALLE did not participate in the decision in this case.