Mary Jane Koman, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Richard W. King, D.M.D., Intervenor.

Argued May 8, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Charles C. Bell*, for petitioner.

*Edward B. Wood, Rose, Schmidt, Dixon, Hasley, Whyte & Hardesty*, for intervenor.

No appearance for respondent.

OPINION BY JUDGE PALLADINO, September 17, 1981:

Claimant appeals an order of the Unemployment Compensation Board of Review (Board) which without taking additional evidence, affirmed a referee's denial of benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law).[1] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), which states in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

Claimant voluntarily terminated her employment after receiving a paycheck from which money had been deducted because Claimant allegedly exceeded her allotted vacation time. In this appeal Claimant challenges the Board's determination that she is ineligible for benefits because she quit her job without cause of a necessitous and compelling nature.

"In voluntary termination cases, the burden is upon the employee to prove [a] necessitous and compelling reason for leaving. . . ." *Ruckstuhl v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 302, 305, 426 A.2d 719, 721 (1981). Where, as here, the party with the burden of proof did not prevail before the Board, this Court's scope of review consists of determining whether the findings of fact can be sustained without a capricious disregard of competent evidence and are consistent with each other and with the conclusions of law. *Helsel v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 320, 421 A.2d 496 (1980).

Citing *Emgee Engineering Co. v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 290, 373 A.2d 779 (1977), Claimant contends that her termination was necessitated by her employer's failure to pay her wages promptly. In *Emgee Engineering Co.* there were *"several instances* within the space of a few months where the employees arrived at work on payday to suddenly discover that their paychecks would not be received for some *indeterminate* number of days." *Id.* at 295, 373 A.2d at 782 (emphasis in original). However, in the present case

---

(b) (1) In which his unemployment is due to voluntarily leaving without cause of a necessitous and compelling nature. . . .

Pursuant to the Act of July 10, 1980, P.L. 521 Section "402(b) (1)" is now Section "402(b)" of the Law, 43 P.S. §802(b).

Claimant received late wage payments on only two occasions: (1) after her employer's entire office was closed for a vacation week and (2) after an apparent error by the employer's bookkeeper required a corresponding adjustment of Claimant's wages. While in *Emgee Engineering Co.* late payments were a constant recurrence caused by the employer's admitted cash-flow problems, in the case at bar Claimant did not produce any evidence to suggest that the two late payments she received were other than isolated incidences.

Moreover, in *Emgee Engineering Co.* the employees requested, but were refused, their employer's guarantee of timely wage payments. Unable to achieve income security, the employees were forced to relinquish their jobs. Here, Claimant did not testify that she asked her employer to assure a rigid payment schedule or that she made other reasonable efforts to maintain the employment relationship. *Kovarik v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 165, 387 A.2d 521 (1978). To the contrary, Claimant did not contest her employer's statement that after Claimant received the second late paycheck, Claimant departed without explanation and did not subsequently return to her job.

Relying upon *Frey v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 581, 383 A.2d 1326 (1978), Claimant also asserts that her voluntary termination was justified by her receipt of two paychecks in amounts smaller than those to which she was entitled. In *Frey* an employee was "repeatedly and consistently refused . . . the amount of wages to which he was entitled . . . as a participant in [a federally funded] program." *Id.* at 583, 383 A.2d at 1327. While there was a continuous denial of proper wages in *Frey,* in the present case there were merely two disputed paychecks resulting from isolated, unrelated

causes. With respect to the first disputed paycheck, the employer stated that according to Claimant's instructions, twenty-five percent of Claimant's wages was withheld for federal income tax purposes. Claimant averred that upon questioning the size of the check, she was immediately paid the excess withheld sum. The second disputed paycheck contained a deduction for Claimant's absence from the office, which the employer characterized as excess vacation time and which Claimant excused as sick leave. Again Claimant was reimbursed.

Additionally, Claimant argues that she was forced to abandon her employment because the pressures of her position jeopardized her health. To establish compelling health reasons,

> a claimant must: '(1) offer competent testimony that *at the time of her termination* adequate health reasons existed to justify termination; (2) inform the employer of the health problem; and (3) specifically request the employer to transfer her to a more suitable position.' (Emphasis added.) McQuiston v. Unemployment Compensation Board of Review, 37 Pa. Commonmonwealth Ct. 250, 253, 390 A.2d 317, 318 (1978). The Claimant's failure to meet any one of those three conditions will bar her claim for unemployment compensation benefits.

*Ruckstuhl,* 57 Pa. Commonwealth Ct. at 305, 426 A.2d at 721.

Claimant did not present any competent medical evidence to prove that her work adversely affected her health. *Id.; Pastorius v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 50, 411 A.2d 1301 (1980). "The only evidence to this effect was [Claimant's] own [testimony] and we have previously held that such evidence is insufficient to establish the existence of adequate health reasons for

termination." *Steffy v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 16, 18, 413 A.2d 483, 484 (1980). Furthermore, Claimant's testimony was itself contradictory. Although Claimant initially alleged that she was being treated by a physician for "nerves" and pains in her chest and arms, caused by job pressures, Claimant later declared that she could withstand the demands of her position as demonstrated by her performing the work for a year.

The employer's statement that Claimant could not adjust to the exigencies of her work, though competent to establish the employer's awareness of Claimant's averred difficulty, "could not support the crucial determination of whether [C]laimant's health justified [her] termination." *Pastorius,* 50 Pa. Commonwealth Ct. at 53-54, 411 A.2d at 1304. Moreover, Claimant testified that although her physician advised her to seek other employment, she never reported this advice to her employer or requested any alteration or diminution of her duties. *Kovarik.*

Finally, the record contains several statements by Claimant, evidencing both Claimant's disagreement with her employer's policies and Claimant's dissatisfaction with the interpersonal relationships in her employer's office. This Court has repeatedly held that "[d]iscontent with one's job is not a cause for leaving work within the meaning of Section 402(b)(1) of the [Law]." *Hostovich v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 344, 347, 414 A.2d 733, 735 (1980).

Alternatively, failing to justify her termination by evidence of record, Claimant requests a remand for further hearings. Claimant argues that a remand is required by the Board's abuse of discretion in not mandating additional hearings to elicit evidence of Claimant's alleged health problem. However, Claimant has not averred the availability of competent med-

ical evidence to prove a compelling health reason for her termination. *Pastorius.* Moreover, despite Claimant's appearance pro se before the referee, Claimant had a fair hearing before the referee and was not denied the opportunity to present evidence. *Gordon v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 270, 403 A.2d 235 (1979). "Therefore, we must conclude that the Board did not abuse its discretion in not affording [C]laimant another hearing." *Pastorius,* 50 Pa. Commonwealth Ct. at 55, 411 A.2d at 1304.

While Claimant has advanced several different theories to suport her termination, we must hold that Claimant is ineligible for benefits because "multiple causes, none compelling or necessitous, do not in combination become one qualifying cause." *Hostovich,* 51 Pa. Commonwealth Ct. at 347, 414 A.2d at 735. Accordingly, we will enter the following

ORDER

AND Now, September 17, 1981, the decision of the Unemployment Compensation Board of Review, Appeal No. B-79-7-D-783, Decision No. B-181099, dated February 21, 1980, is hereby affirmed.