Morton Polsky, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Natale F. Carabello, Jr.,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 19, 1982:

In this unemployment compensation appeal, the claimant[1] questions a denial of benefits by the board, affirming a referee's determination that the claimant was ineligible because he voluntarily quit his employment without cause of a necessitous and compelling nature,[2] and further determining that the receipt of benefits was improper and is recoupable.[3]

The claimant had worked for the City of Philadelphia as a permanent civil service employee for almost twenty years. He had attained the position of Voter Registration Investigator I.

Although the city has a mandatory retirement age of 70 years, the claimant voluntarily terminated his employment at age 58. The claimant alleges that his decision to retire was based on "outward pressures" by members of his union local who informed him that there would be layoffs in his department and that he

---

[1] Morton Polsky.

[2] Section 402(b)(1), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[3] Section 804(b), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §874(b).

should retire to prevent the layoff of those with less seniority.

The board found:

(4) Claimant voluntarily terminated his employment and elected to retire at 58 years of age because of alleged rumors of personnel layoffs.

(5) Claimant was not notified by anyone in authority that his job was in jeopardy.

. . . .

(7) Continuing work was available to the claimant, had he desired to remain gainfully employed.

The question is whether the board capriciously disregarded competent evidence in finding that claimant voluntarily quit his employment without necessitous cause.[4]

In accordance with that standard of review, we find that the record supports the board's findings and conclusion that the claimant did not demonstrate any compelling cause for his termination of employment. The claimant's testimony was only that "[w]ord" of the layoffs "got around" the "grapevine," providing no proof of compulsion of any sort.

Accordingly, we affirm. The claimant is liable for a fault overpayment of $334. Recoupment is due in accordance with Section 804(b) of the law.[5]

---

[4] Where the party having the burden of proof did not prevail before the board, this court's scope of review consists of determining whether the findings of fact can be sustained without a capricious disregard of competent evidence and are consistent with each other and with the conclusions of law. *Koman v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 604, 435 A.2d 277 (1981).

[5] 43 P.S. §874(b).

**ORDER**

Now, March 19, 1982, the order of the Unemployment Compensation Board of Review, decision No. B-18814, is hereby affirmed.