LaTruffe, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1982, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Jonathan Glenn Granoff, Barsky, Golden & Remick, P.C.,* for petitioner.

*Richard C. Lengler,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, December 9, 1982:

In this unemployment compensation case, the restaurant employer, LaTruffe, has appealed from a decision of the Unemployment Compensation Board of Review awarding benefits to the claimant, despite his voluntary termination, on the ground that he had cause to quit because, as the referee and board found,

the employer refused to compensate him for working on December 23, 1980 which would normally have been his day off.

Concomitant findings, based upon testimony of the claimant uncontradicted at the hearing, were that the claimant had previously always been paid for extra days' work, that the employer did not inform claimant that he would not be paid for working on his day off, and that the claimant tried to resolve the situation by discussion with the employer, without success. We agree with the board that these findings must stand, in the face of post-hearing allegations and letters from the employer, because the employer failed to present evidence at the hearing or request a continuance or remand, notwithstanding the hearing notice.

The question of law is whether a wrongful refusal to pay a day's wages, unremedied after protest, can constitute compelling cause for voluntary termination. Following our conclusion in *Emgee Engineering Company v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 290, 373 A.2d 779 (1977) that several instances of tardy wage payments could constitute sufficient cause, we determined in *Frey v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 581, 383 A.2d 1326 (1978), that underpayment of wages over a period of time was also sufficient cause to quit.[1]

Although the refusal to pay wages here involved only one day's work, the uncontradicted record establishes that the refusal was wrongful and that the employer remained obdurate in adhering to it. A contrary view would permit an employer to require a

---

[1] *Koman v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 604, 435 A.2d 277 (1981) is distinguishable because there had been no demand in that case to rectify the pattern of tardy payments, and the employer did remedy two underpayment instances.

worker to submit to denial of a day's pay under pain of loss of unemployment benefits. As the scriptural admonition states, the laborer is worthy of his hire.

ORDER

Now, December 9, 1982, the order of the Unemployment Compensation Board of Review, Decision No. B-194063 dated April 3, 1981, is affirmed.