Clayton E. Solomon, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 9, 1983, to Judges CRAIG, MACPHAIL and BARBIERI, sitting as a panel of three.

*Stephen Cohen,* for petitioner.

*Steven R. Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, July 7, 1983:

Clayton E. Solomon (Employer) has appealed from an order of the Unemployment Compensation Board of Review (Board) which reversed a referee's decision denying benefits and concluded that Douglas S. Huyck (Claimant) had demonstrated cause of a necessitous and compelling nature for voluntarily terminating his employment.[1] We affirm.

The Board's findings reflect that Claimant was last employed as an automobile body mechanic with Employer at an hourly rate of $5.25. Claimant had been employed for approximately one and one-half years when he voluntarily quit on October 11, 1979. Approximately two weeks prior to that date, Employer had assigned Claimant to make specified repairs on a car which Claimant subsequently completed as instructed by his Employer. On or about October 9, 1979, the customer returned the car to have additional repairs made. Employer ordered Claimant to make the

---

[1] Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b), provides pertinently as follows:

An employee shall be ineligible for compensation for any week—

....

(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature....

repairs without additional remuneration. Claimant refused and two days later voluntarily terminated his employment rather than perform the work without compensation. Since the Board's findings are supported by substantial evidence they are binding on this Court. *Fenk v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 213, 405 A.2d 590 (1979).

On appeal, Employer contends that Claimant has not demonstrated cause of a necessitous and compelling nature[2] for leaving his employment because the repair work which Claimant refused to perform was a part of his original assignment and, thus, did not constitute additional work for which increased remuneration would be due.[3] The Board's finding that Claimant was ordered to do additional work is clearly supported by Claimant's own testimony:

> Sonny had taken me around the job and showed me all the spots to be repaired about two weeks prior to this. And I repaired everything that he told me to repair. The owner of the car brought the car back two weeks later and wanted several other spots repaired. And Sonny told me that I would have to repair them with no pay.

---

[2] It is, of course, the Claimant's burden to prove that his voluntary termination was justified by a necessitous and compelling reason. *Koman v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 604, 435 A.2d 277 (1981).

[3] Employer asserts that Claimant was paid a flat rate per car and that the customer's request for additional repairs was a part of the same job assignment. Although there is record evidence which indicates that as of August, 1979, Claimant was paid a per job commission, we think that the Board's finding that *new* repairs were requested after the original work was completed supports the conclusion that Claimant's termination was justified, regardless of the manner in which he was remunerated.

We observe that Employer failed to appear or send a representative to the referee's hearing and the Board, therefore, did not have the benefit of Employer's testimony. Even if Employer had presented conflicting testimony, however, the conflict would clearly be for the Board, and not this Court, to resolve.[4]

The only remaining issue is whether the Board's findings support the legal conclusion that Claimant had cause of a necessitous and compelling nature for terminating his employment. We conclude that they do. We have recently held that the failure to pay an employee for work performed justifies his voluntary termination even when only one day's wages are involved. *LaTruffe v. Unemployment Compensation Board of Review*, 70 Pa. Commonwealth Ct. 323, 453 A.2d 47 (1982). We similarly now hold that when the Employer ordered Claimant to perform work without compensation he gave Claimant cause of a necessitous and compelling nature to terminate his employment.

Ordered affirmed.

ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-181308, dated February 25, 1980, is hereby affirmed.

---

[4] *Rowles v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 613, 425 A.2d 492 (1981).