Muriel M. Ryan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

466

Submitted on briefs November 1, 1984, to Judges CRAIG and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Dana M. Breslin,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, February 11, 1985:

This is an appeal by Muriel M. Ryan, Claimant, from an order of the Unemployment Compensation Board of Review (Board), affirming a referee's denial of unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law.[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 53 P.S. §802(b).

Claimant was employed as an inventory control clerk for seventeen and one half years at Kraft Dairy Corporation (employer) located in Philadelphia. In March of 1983, at the age of 61 and after seventeen years of working on the day shift, Claimant's shift was changed to nights. Claimant explained to the employer that she did not want to change shifts because: the plant was located in a dangerous area where a night guard had previously been killed; public transportation which Claimant used to get to work either did not run at night or required her to change buses several times, walking through dangerous neighborhoods for these changes; and the ladies restroom facilities available at night were in a building one block from where Claimant was working.

The employer insisted that the change was required but would only be for a temporary period.[2] Claimant did comply with the employer's requirement that she change shifts, and she did try various arrangements to overcome the transportation difficulties. Six months later, in September of 1983, after making several unsuccessful requests to the employer to be transferred back to the day shift, Claimant opted to terminate her employment by taking an early retirement.

The referee's findings of fact, which were adopted by the Board are as follows:

1) The Claimant was last employed by Kraft Dairy Corporation, Philadelphia, Pennsylvania, as an inventory Control Clerk for approxi-

---

[2] Testimony by the employer indicates that the management wanted to cross-train employees from different shifts and that once the cross-training was accomplished Claimant would be returned to the day shift. The employer, however, does not state how long this was expected to take. Claimant testified she was told it would be about one month. The referee and the Board do not make a finding on this question.

mately 17 1/2 years at the final rate of $275 per week. Her last day of work was September 30, 1983.

2) The Claimant voluntarily terminated her employment as a matter of personal preference.

3) Specifically, the Claimant felt that she was being harassed by her supervisors as they were changing her shift to night hours; thereupon, she submitted her resignation.

4) The Claimant was not being harassed but was merely given assignments where she was needed.

5) At the time of separation, the Claimant indicated she was resigning to accept early retirement:

6) Continued work was available to the Claimant had she desired to remain employed.

In voluntary termination cases, the burden is upon the employee to prove that she had a necessitous and compelling reason for leaving. *Koman v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 604, 435 A.2d 277 (1981). Where, as here, the employee, having the burden of proof, does not prevail before the Board, this Court's scope of review consists of determining whether the findings of fact can be sustained without a capricious disregard of competent evidence and are consistent with each other and with the conclusions of law. *Id.*

This Court has held that a substantial unilateral change in employment may render that employment so unsuitable as to be a compelling and necessitous cause for leaving. *National Aluminum Corporation v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 359, 429 A.2d 1259 (1981) (change from secretarial to clerical duties was a compelling cause for leaving).

This Court has also held that transportation problems which are so serious and unreasonable that they present a virtually insurmountable problem may provide a necessitous and compelling cause for leaving employment if the claimant has taken reasonable steps to overcome the problems prior to severing the employment relationship. *J. C. Penney Co., Inc. v. Unemployment Compensation Board of Review*, 72 Pa. Commonwealth Ct. 445, 457 A.2d 161 (1983) (additional transportation expense equal to ten percent of weekly gross salary was transportation problem which created necessitous and compelling cause for leaving).

The record in the instant case reveals that Claimant raised the issues of unilateral change in employment and transportation problems, which, as a matter of law, may constitute necessitous and compelling cause to terminate employment. The referee and the Board, however, made absolutely no findings of fact with respect to these issues.[3] Where the Board's findings do not address the factual issues raised by a claimant which may be legally determinative of a claimant's eligibility for unemployment compensation benefits, it is impossible for this Court to perform its function of appellate review. *Spinelli v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 358, 437 A.2d 1320 (1981). The proper procedure when such findings are lacking is to remand. *Id.*

We, therefore, vacate the order of the Board and remand the case for further findings of fact on the issues raised by this opinion.

---

[3] We note that Claimant also asserted harassment as a cause for terminating her employment relationship. The referee found that claimant was not being harassed. We do not disturb this finding because we conclude that it is not in capricious disregard of competent evidence.

470

ORDER

AND Now, February 11, 1985, the order of the Unemployment Compensation Board of Review, No. B-226576 is hereby vacated, and this case is hereby remanded to the Unemployment Compensation Board of Review for findings consistent with this opinion.

Jurisdiction relinquished.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.