IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kash Snyder,                          :
                                      : No. 1184 C.D. 2015
                    Petitioner        : Submitted: April 8, 2016
                                      :
             v.                       :
                                      :
Unemployment Compensation             :
Board of Review,                      :
                                      :
                    Respondent        :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED:  June 3, 2016


          Kash Snyder (Claimant) petitions for review, *pro se*, of the May 20, 2015,
order of the Unemployment Compensation Board of Review (UCBR) affirming the
decision of a referee to deny Claimant unemployment compensation (UC) benefits
under section 402(b) of the Unemployment Compensation Law (Law).[1]  The UCBR
concluded that Claimant was ineligible for UC benefits because he failed to establish a
necessitous and compelling reason for voluntarily quitting his employment.  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).
Section 402(b) of the Law provides that "[a]n employe shall be ineligible for compensation for any
week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a
necessitous and compelling nature."  43 P.S. §802(b).

Claimant was last employed as a closer by Timasar Investment Group, LLC (Employer) at a final rate of $8 per hour plus commission. (UCBR's Findings of Fact, No. 1.) Claimant's last day of work was February 16, 2015. (*Id.*) At that time, Claimant was running for elected office. (*Id.*, No. 2.)

On February 16, 2015, Claimant sent Mike Hudak, Employer's office manager, an email stating: "For personal reasons I will only be able to come into work in the afternoons from 1pm to 5pm beginning tomorrow 2/17/15. This will be my situation for at least three months. Thank you." (*Id.*, No. 3; R. Item No. 2.) Hudak responded, "[i]f you cannot work full time or provide more information for the company to make a decision then they suggest you maybe take a leave of absence or terminate your employment until you can return to full[-]time status." (UCBR's Findings of Fact, No. 4; R. Item No. 2.) Claimant responded that "it[']s personal" and that he did "not wish to take a leave of absence." (UCBR's Findings of Fact, No. 5; R. Item No. 2.)

On February 17, 2015, to accommodate Claimant's request for fewer hours, Hudak offered Claimant a part-time position as a qualifier at a rate of $10 per hour plus commission. (UCBR's Findings of Fact, No. 6; R. Item No. 2.) Claimant declined the accommodation because he speculated that it would provide insufficient earnings. (UCBR's Findings of Fact, No. 7.) Claimant did not continue working for Employer. (*Id.*, No. 1.)

Claimant filed a claim for UC benefits, which the local service center denied. Claimant appealed to the referee, who held a hearing on March 31, 2015. Claimant testified that he requested to work part time in order to pursue elected office.

2

(N.T., 3/31/15, at 4.) Claimant testified that when he asked Hudak on February 16, 2015, to work part time, Hudak told him that he should go home. (*Id.* at 3.) Claimant testified that he believed at the time he was sent home that he had been discharged. (*Id.* at 4.) Claimant testified that the next day, Employer informed Claimant that he could work part time as a qualifier at a rate of $10 per hour plus commission. (*Id.* at 3-4.) Claimant testified that he rejected the accommodation because he would earn approximately $950 less per month in commission working part time as a qualifier than he would working part time as a closer. (*Id.* at 3.)

Hudak testified on Employer's behalf. Hudak testified that Claimant emailed him on February 16, 2015, informing Hudak that effective February 17, 2015, Claimant wanted to work part time from 1:00 p.m. to 5:00 p.m. (*Id.* at 5.) Hudak testified that he told Claimant to go home for the day so that Employer could decide what to do but that Employer had not discharged Claimant. (*Id.*) Hudak testified that he later offered Claimant the part-time qualifier position. (*Id.*) Hudak also testified that part-time qualifier positions are the only part-time positions that Employer offers. (*Id.*)

The referee concluded that Claimant voluntarily quit his employment without a necessitous and compelling reason and affirmed the service center's decision. (Ref.'s Decision at 2.) Claimant appealed to the UCBR and requested that the case be remanded for an additional hearing to allow Claimant to introduce evidence that he did not receive until after the referee's March 31, 2015, hearing. The UCBR affirmed the referee and denied Claimant's request for an additional hearing. The UCBR credited Hudak's testimony and resolved all conflicts in the testimony in Employer's favor. (UCBR's Decision at 2.) The UCBR specifically discredited Claimant's testimony that

3

he believed he was discharged and determined that Claimant quit in order to pursue elected office after rejecting Employer's accommodation. (*Id.* at 2-3.) Claimant filed a request for reconsideration, which the UCBR denied. Claimant now petitions this court for review.[2]

First, Claimant argues that the UCBR erred in concluding that Claimant voluntarily quit his employment. We disagree.

Whether a claimant voluntarily quit his employment or was discharged is a question of law for this court to determine based on the totality of the record. *Bell v. Unemployment Compensation Board of Review*, 921 A.2d 23, 26 (Pa. Cmwlth. 2007). A claimant voluntarily terminates his employment if he leaves, resigns, or quits his employment "without action by the employer." *Fishel v. Unemployment Compensation Board of Review*, 674 A.2d 770, 772 (Pa. Cmwlth. 1996) (*en banc*). "To be interpreted as a discharge, an employer's language must possess the immediacy and finality of firing." *Id.*

Here, the UCBR discredited Claimant's testimony that he believed he had been discharged after Hudak sent him home on February 16, 2015. The UCBR credited Hudak's testimony that Claimant was not discharged but sent home so that Employer could decide what to do. Although Claimant argues that his being sent home constituted constructive discharge, nothing in Hudak's instruction for Claimant to go home

---

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

suggested the immediacy or finality of a discharge. Claimant did not allege that Employer did not allow him to continue in his full-time closer position after he rejected Employer's accommodation on February 17, 2015. Therefore, the record contains substantial evidence to support the UCBR's determination that Claimant voluntarily quit his employment.

Next, Claimant argues that even if he voluntarily quit his employment, the UCBR erred in concluding that he did not have a necessitous and compelling reason where Employer's accommodation entailed a reduction in Claimant's salary and benefits. We disagree.

Where a claimant voluntarily quits his employment, he bears the burden of proving that he quit for a necessitous and compelling reason. *Wert v. Unemployment Compensation Board of Review*, 41 A.3d 937, 940 (Pa. Cmwlth. 2012). In order to meet this burden, the claimant must prove that: (1) circumstances existed that created real and substantial pressure to terminate his employment; (2) a reasonable person would act in the same manner under such circumstances; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve his employment. *Id.* "An employer's *unilateral imposition* of a substantial change in the terms and conditions of employment provides a necessitous and compelling reason for an employee to leave work." *McCarthy v. Unemployment Compensation Board of Review*, 829 A.2d 1266, 1270 (Pa. Cmwlth. 2003) (emphasis added).

Here, Claimant requested to work part time in order to pursue elected office, but quit his employment when he decided that the part-time position that

5

Employer offered would not provide sufficient earnings. Although Claimant argues that the part-time position was an unjustified reduction in his salary and benefits, the position was merely Employer's proposed accommodation in response to Claimant's request to work part time. Claimant's failure to receive the precise part-time position and commission opportunities that he wanted in order to pursue elected office are not circumstances that create real and substantial pressure to quit one's employment. Therefore, the UCBR properly determined that Claimant failed to establish a necessitous and compelling reason for quitting his employment.

Finally, Claimant argues that the UCBR abused its discretion in not remanding the case for an additional hearing because Claimant wanted to introduce new evidence that he received after the March 31, 2015, hearing. We disagree.

"Our review of the UCBR's decision to grant or deny a request for reconsideration is limited to determining whether the UCBR abused its discretion." *Laster v. Unemployment Compensation Board of Review*, 80 A.3d 831, 834 n.5 (Pa. Cmwlth. 2013). The party alleging an abuse of discretion bears the burden of showing that "the [UCBR's] decision demonstrates evidence of bad faith, fraud, capricious action or abuse of power." *Georgia-Pacific Corporation v. Unemployment Compensation Board of Review*, 630 A.2d 948, 951 (Pa. Cmwlth. 1993). The UCBR may grant a request for remand or reconsideration where the claimant seeks to offer evidence that was unavailable at the time of the original hearing. *Flores v. Unemployment Compensation Board of Review*, 686 A.2d 66, 75 (Pa. Cmwlth. 1996). However, the UCBR properly denies such a request if the claimant fails to specify the nature of the previously unavailable evidence. *See Pastorius v. Unemployment Compensation Board*

*of Review*, 411 A.2d 1301, 1304 (Pa. Cmwlth. 1980) (holding that the UCBR properly denied the claimant's request for a new hearing to present previously unavailable evidence because the request was "vague and nonspecific" as to how the evidence related to the issue before the UCBR).

Here, Claimant requested reconsideration in order to offer the testimony and affidavits of unnamed former coworkers that were unavailable prior to the March 31, 2015, hearing. Claimant stated in his request for reconsideration that the new evidence would establish that Hudak admitted to Claimant that Hudak "lied" at the March 31, 2015, hearing. (Cl.'s Req. for Recons. at 1.) Claimant also stated that the new evidence would establish that Employer instructed employees not to contact Claimant or share information regarding Claimant's separation from employment. (*Id.*) However, Claimant failed to specify what part of Hudak's testimony would be established as false or how the testimony of the employees whom Employer allegedly intimidated would relate to whether Claimant was entitled to UC benefits. Therefore, the UCBR properly denied Claimant's request for reconsideration.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kash Snyder,                           :
                                       : No. 1184 C.D. 2015
                    Petitioner         :
                                       :
            v.                         :
                                       :
Unemployment Compensation              :
Board of Review,                       :
                                       :
                    Respondent         :


O R D E R


AND NOW, this 3rd day of June, 2016, we hereby affirm the May 20, 2015, order of the Unemployment Compensation Board of Review.


_____
ROCHELLE S. FRIEDMAN, Senior Judge