Betty A. Spencer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 10, 1985, to President Judge CRUMLISH, JR. and Judges ROGERS, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Edward M. Pulaski,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

PER CURIAM, February 18, 1986:

Betty A. Spencer appealed an Unemployment Compensation Board of Review order reversing a referee's decision and denying her benefits due to willful misconduct. Section 402(e) of the Unemployment Compensation Law.[1] This Court vacated the Board's order and remanded the case for additional findings of fact.[2] Following our Supreme Court's recent decision in *Peak v. Unemployment Compensation Board of Review,* Pa. , 501 A.2d 1383 (1985), the Board applied for reconsideration. We grant reconsideration, and now vacate our earlier order, and affirm the Board's order.

In our earlier opinion, we reversed the Board's finding that Spencer was informed that her employment duties included working in the kitchen as a cook. We held that the Board had erroneously failed to specify the reasons why it chose to adopt contradictory evidence which was contrary to the referee's credibility determination. Subsequently, our Supreme Court in *Peak* held that the Board need not explain its reversal of a referee's finding based upon his determination of the credibility of the evidence where there is conflicting testimonial evidence on point, *if its reasons for reversing are plain from the record and adequate to permit effective judicial review.*

The record here provides a clear explanation in support of the Board's reversal of the referee's findings, namely, the employer's testimony that Spencer had been told that her duties included meal prepara-

---

[1] Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Spencer was discharged for refusing her employer's request that she cook for the employer's customers.

[2] *Spencer v. Unemployment Compensation Board of Review,* Pa. Commonwealth Ct. , 501 A.2d 1159 (1985).

272

tion.  Accordingly, we vacate our earlier order and now affirm the Board's order.

### Per Curiam Order

And Now, this 18th day of February, 1986, petitioner's application for reconsideration is granted.

This Court's order dated December 4, 1985, is vacated.  The Unemployment Compensation Board of Review order, No. B-215828 dated March 11, 1983, is affirmed.