629 A.2d 212

John A. CARTER, M.D., Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 13, 1992.

Decided July 14, 1993.

134

Mitchell P. Shahen, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

John A. Carter, M.D. (Employer) petitions for review of the June 5, 1992 orders of the Unemployment Compensation Board of Review (Board) which reversed the referee's orders denying benefits to Barbara Policichio and Bristol Good (Claimants) pursuant to Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). One issue presented is whether the record contains substantial evidence to support the finding that Claimants voluntarily left their employment for necessitous and compelling reasons.[1]

1. This Court's scope of review of the Board's order is limited to determining whether necessary findings of fact are supported by sub-

Policichio was employed as an office nurse and Good as an office assistant until their last work day on May 10, 1991 when they quit subsequent to a dispute with Employer concerning charges of employee inefficiency. Claimants filed applications for benefits on May 23, 1991 alleging they quit their jobs because Employer paid them late and owed them back pay. The Bureau of Unemployment Compensation Benefits and Allowances (Bureau) denied their claims, and Claimants appealed. A hearing was held on June 17, 1991 at which Claimants testified and Employer presented the testimony of his stepdaughter hired as office manager in May 1991 before Claimants quit.

Claimants testified that Employer owed them back pay from January 1990 when Employer changed Claimant's original pay schedule and that they confronted Employer in April 1990 and February 1991 concerning this matter. Claimants testified they did not inform Employer that they were quitting due to pay matters because, according to them, it was understood on the basis of prior confrontations, and the Employer informed them for the first time on May 10, 1991 of their inefficiency. Employer's stepdaughter testified that she performed needed inventory-related duties and that she was paid timely. The referee affirmed the Bureau, concluding that, although Claimants had a legitimate claim for back pay, they quit because of their resentment toward Employer's suggestion that their performance was unsatisfactory. Findings of Fact Nos. 4 and 5. Claimants appealed to the Board which found that Employer's paycheck disbursements had deviated from the original payment schedule and became late and sporadic from October 1989 until Claimants' last day; Employer owed Claimants funds for the final pay period ending May 3, 1991 and the back pay from January 1990; and Claimants left their jobs due to Employer's late wage payments. The Board concluded that Claimants voluntarily terminated their employment due to Employer's charges of inef-

stantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

ficiency and his untimely payment of wages, the latter of which provided a necessitous and compelling cause for voluntary termination pursuant to Section 402(b) of the Law. The Board reversed the referee.

Section 402(b) of the Law provides that a claimant whose unemployment is due to voluntary termination bears the burden of proving that such termination was for a necessitous and compelling reason. *Quinn, Gent, Buseck and Leemhuis, Inc., v. Unemployment Compensation Board of Review,* 147 Pa. Commonwealth Ct. 141, 606 A.2d 1300 (1992). To meet that burden, a claimant must show that cause of a necessitous and compelling nature results from circumstances which produced real and substantial pressure to terminate one's employment and which would compel a reasonable person under like circumstances to act in the same manner. *Id.* This Court has held that several instances of tardy wage payments resulting in employee protest and refusal by the employer to guarantee timely payment of wages as demanded by the employee can constitute necessitous and compelling cause for that termination. *Emgee Engineering Co. v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 290, 373 A.2d 779 (1977). The claimant must have requested the employer to guarantee adherence to a rigid payment schedule after protesting the tardy payments. *Koman v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 604, 435 A.2d 277 (1981). Further, a claimant must establish that he or she acted with ordinary common sense in quitting, made a reasonable effort to preserve his or her employment, and had no real choice other than to leave that employment. *Malloy v. Unemployment Compensation Board of Review,* 105 Pa. Commonwealth Ct. 183, 523 A.2d 834 (1987).

Employer contends that the record does not contain substantial evidence to support the Board's decision because Claimants did not testify specifically that late payment of wages caused them to leave but did testify, however, that they left due to their resentment toward Employer for his charges of inefficiency, and moreover, Claimants worked for seventeen

months under the new payment schedule. Employer further contends that the Board erred as a matter of law by finding that Claimants quit because of Employer's late wage payments without providing an explanation for disregarding the referee's findings to the contrary.

■ We have examined the record and find that, although there was ample evidence to support the employer's contention that claimants quit because they were charged with inefficiency, there was also substantial evidence that supported the Board's finding that Claimants quit because of the tardy pay practice. Exhibit six, which was made part of the record without objection, is comprised of two OES Summary of Interview Forms, each completed by a claimant. In it, in response to the question, "Why did you leave your job? Explain" each claimant offered, "1) owed back wages 2) cut hrs.... 3) hired step daughter ... 4) told us ... office was not run efficiently".... In this exhibit, an OES local office representative explains "[claimant] states Dr. owes 142 hrs. back wages ... [claimant] states employer was behind in pay...." We find this evidence, coupled with the claimants' testimony that employer was late in payment and owed back wages, (N.T., Referee hearing, 6/17/91, pp. 30–33) supports the Board's finding on the reason why the claimants quit. Under these circumstances, we cannot reverse the decision of the Board.

■ We therefore turn to the employer's second contention that the Board committed error when it overturned the referee's decision without giving any explanation for disregarding the referee's finding of fact. We see no reason to reverse the Board or, for that matter, to remand on these grounds.

In *M.A. Bruder and Sons, Inc. v. Unemployment Compensation Board of Review,* 145 Pa. Commonwealth Ct. 329, 603 A.2d 271 (1992), a case in which the Board gave no reasons for overturning the referee's credibility finding, this court reviewed *Treon v. Unemployment Compensation Board of Review,* 499 Pa. 455, 453 A.2d 960 (1982), *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383

(1985), *Spencer v. Unemployment Compensation Board of Review,* —— Pa. Commonwealth Ct. ——, 501 A.2d 1159 (1985) (*Spencer I*) and *Spencer* on reconsideration, 93 Pa. Commonwealth Ct. 270, 504 A.2d 991 (1986) (*Spencer II*) and held:

> Thus, where there is conflicting evidence, the Board is free to reject the findings of the referee where it believes one side or the other, and our review is limited to a determination of whether the decision is in violation of constitutional rights, or is not supported by substantial evidence.

*Id.* 145 Pa.Cmwlth. at 335–336, 603 A.2d at 275.

We also pointed out in *Bruder* how this Court, based on *Treon,* attempted in *Spencer I,* where there was conflicting evidence, to require the Board to indicate its reasons for overturning the referee's credibility finding. However, in *Bruder* and *Spencer II,* we proceeded to explain how our Supreme Court in *Peak* implicitly rejected that suggestion when there was conflicting evidence.[2]

█ We conclude therefore that the holding in *Treon* which requires reasons by the Board for overturning the findings of a referee is limited to those cases which present the "capricious disregard of evidence" standard of review. This is not the situation present in this case, where there was evidence by both sides. *Kirkwood.*

We also stated in *Bruder* that the Supreme Court in *Peak* held a simple statement by the Board that "it chose to believe the employer not the employee" was plain enough reason to allow an adequate appellant review.

---

**2.** In our opinion in *Spencer I,* —— Pa. Commonwealth Ct. at ——, 501 A.2d at 1163, this Court said:

> We hold, therefore, that when a referee has discredited testimonial evidence, either expressly or by implication, the Board must indicate its reasons for over turning the referee's finding on credibility. The Board must, in its decision, point to documentary or other testimonial evidence which supports the testimony discredited by the referee, or to specific inconsistencies within the testimony accepted by the referee which would justify rejecting the referee's findings.

> We of course would prefer an effort by the Board to comply with the suggestions made in the language quoted above. It would certainly make our appellate review easier.

Here, an explicit statement on credibility is not present, but it is clear that the only basis for the Board's decision is that it decided to believe the claimants' reason for leaving. When faced with conflicting testimony on the reasons why the claimants quit, the Board found as a fact that the "employer did not pay the claimant[s] on time and continued to owe [them] backpay." It also made an express factual finding that the claimants left their job due to "continued late payments and refusals to pay backpay."

■ In *Bruder*, 145 Pa. Commonwealth Ct. at 336, 603 A.2d at 275, the Court also said:

As we have pointed out, this court is to determine whether there is substantial evidence and not to decide whether there has been an abuse of discretion by the Board on issues of credibility.

We adhere to that statement and, having determined that there is substantial evidence to support the Board's findings, which in turn leads to a conclusion that the claimants had a compelling reason for leaving their jobs, we affirm the decision of the Board.

### ORDER

AND NOW, this 14th day of July, 1993, the orders of the Unemployment Compensation Board of Review at Nos. B–299673 and B–299674, dated June 5, 1992, are hereby affirmed.

SMITH, Judge, dissenting.

I respectfully dissent. The Board's finding that Claimants left their jobs "due to ... employer's continual late payments and refusals to pay backpay" is not supported by the record. Although Claimants testified regarding Employer's tardy pay practices, Claimants did not testify that they quit their jobs because Employer owed them backpay, as the Majority contends. Instead, Claimants' testimony reveals that their decision to leave was due to resentment of Employer's statement that there were inefficiencies in their operation of the office as found by the referee and underscored by the fact that Claim-

ants quit approximately one hour after being charged with inefficiency and did not advise Employer that their separation was due to pay matters.

In fact, Policichio testified that she was sure Employer would pay the overdue wages when he hired his stepdaughter. Moreover, Claimants continued to work for approximately seventeen months after their wage payments became routinely disbursed ten days later than originally scheduled without demanding that Employer guarantee adherence to a rigid pay schedule; and Claimants approached Employer on only two occasions concerning their backpay, thereby undermining the assertion that wage-related matters produced real and substantial pressure for them to quit. The referee's opinion in this regard is clear:

> The pay dispute had gone on for nearly a year and a half but the claimant did not find it to be a cause to leave her job throughout this period of time. Although the claimant apparently had a legitimate claim for back wages against the employer this cannot be considered the cause of her unemployment under the facts established here.

Referee's Opinion, p. 2. Although the Majority holds that there was substantial evidence supporting the Board's finding that Claimants quit because of Employer's tardy pay practice, I find no such evidence in the record.[1]

---

1. The Majority holds that the OES Summary of Interview forms, coupled with Claimants' testimony, provide the substantial evidence to support the Board's finding. As noted above, Claimants' testimony at hearing does not support a finding that they quit because of tardy pay practices, but rather that they quit due to charges of inefficiency. The Majority's reliance upon the interview summaries is misplaced where (1) the statements regarding backpay were merely part of a list of reasons for quitting, (2) the statements were not subsequently corroborated by Claimants' testimony, and (3) the interview summary is an informal request for information which "does not include a hearing nor is it adversarial in nature. It is not until the hearing before the referee that a claimant and an employer have a full and fair opportunity to present testimony and to have evidence entered on the record." *Simmons v. Unemployment Compensation Board of Review*, 129 Pa. Commonwealth Ct. 315, 319, 565 A.2d 829, 831 (1989), *aff'd*, 528 Pa. 590, 599 A.2d 646 (1991).

Despite this Court's holding in *Emgee Engineering Co. v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 290, 373 A.2d 779 (1977), that an employer's failure on several occasions to make timely wage payments according to an agreed-upon schedule of payment can constitute cause of a necessitous and compelling nature for leaving employment, a claimant is nevertheless not excused from the burden of showing that such untimely payments were indeed the reason for leaving employment. Furthermore, *Emgee Engineering* presented a situation in which, after several instances of late pay, the claimants terminated their employment after they requested that the employer guarantee timely payment of wages and the employer refused to make such a guarantee. These facts are not present in the matter sub judice, as Claimants' paychecks came on a regular basis, albeit with an approximate ten-day waiting period, and Claimants worked under these conditions for nearly a year and a half. Therefore, the Majority's reliance upon *Emgee Engineering* is misplaced.

Accordingly, I would reverse the Board's order and reinstate the referee's decision denying benefits to Claimants.