**Lester W. SPECK, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 29, 1996.

Decided July 9, 1996.

Reargument Denied Aug. 27, 1996.

---

Ronald T. Tomasko, for Petitioner.

Clifford F. Blaze, Deputy Chief Counsel, for Respondent.

Before SMITH and PELLEGRINI, JJ., and MIRARCHI, Senior Judge.

MIRARCHI, Senior Judge.

Lester W. Speck (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which denied him unemployment compensation benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1]

Claimant was employed by Carolina Freight Carriers (Employer) as a first class mechanic from November 1988 until July 14, 1995. The Job Center disapproved Claimant's application for benefits for the week ending July 29, 1995, pursuant to Section 402(b) of the Law. On appeal, the referee held a hearing, at which only Claimant appeared and testified. The referee affirmed the Job Center's determination and denied Claimant benefits. On appeal, the Board adopted the referee's findings of fact and affirmed the referee's decision.

The relevant facts found by the referee and the Board are undisputed. Claimant worked at Employer's terminal located in Carlisle, Pennsylvania, approximately five miles from his home. In 1995, Employer closed the Carlisle terminal and transferred Claimant to its terminal located in Enfield, Connecticut, approximately 337 miles from his home. Claimant accepted the transfer and worked in the new location for seven weeks. Claimant then quit the job on July 14, 1995, after deciding that he could not continue to commute and that it was stressful to be away from home. Claimant was newly married, and his wife resided in the Carlisle area. Further, Claimant is the only child of his father who resides in Carlisle. Claimant's father needs Claimant's assistance from time to time due to a heart condition. Based upon these findings, the referee and the Board concluded that Claimant was ineligible for benefits under Section 402(b) of the Law.

To be eligible for unemployment benefits under Section 402(b), a claimant has the burden of establishing a necessitous and compelling reason for voluntarily terminating his or her employment. *Carter v. Unemployment Compensation Board of Review*, 157 Pa.Cmwlth. 133, 629 A.2d 212 (1993). To meet that burden, the claimant must demonstrate circumstances which placed real and substantial pressure upon him or her to terminate employment, such as would also compel a reasonable person to act in the same manner. *Quinn, Gent, Buseck & Leemhuis, Inc. v. Unemployment Compensation Board of Review*, 147 Pa.Cmwlth. 141, 606 A.2d 1300 (1992). Whether a termination of employment was for a necessitous and compelling reason is a conclusion of law to be made based upon the underlying facts and is reviewable by this Court. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).[2]

The crux of an inquiry in determining whether a claimant had cause of a necessitous and compelling nature for leaving his or her work is whether the offered work was

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides in pertinent part that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature,...."

2. Where, as here, the party with the burden of proof was the only party to present evidence and did not prevail, this Court's scope of review is limited to determining whether the Board violated the constitutional rights or committed an error of law, or whether the Board capriciously disregarded competent evidence in the record. *Van Duser v. Unemployment Compensation Board of Review*, 164 Pa.Cmwlth. 96, 642 A.2d 544 (1994).

suitable. *Treon v. Unemployment Compensation Board of Review,* 499 Pa. 455, 453 A.2d 960 (1982). Among the factors to be considered in deciding the suitability of work are "the distance of the available work from the [employee's] residence" and "the permanency of his [or her] residence." Section 4(t) of the Law, 43 P.S. § 753(t).

 It is well established that an insurmountable commuting problem may constitute a necessitous and compelling reason for terminating employment. *Love v. Unemployment Compensation Board of Review,* 103 Pa.Cmwlth. 247, 520 A.2d 107 (1987). Unquestionably, the daily commuting distance of 337 miles each way between Enfield, Connecticut and Carlisle, Pennsylvania is prohibitive and therefore constitutes a necessitous and compelling reason for terminating employment. *See Treon* (a commute of over 300 miles to and from work each day would produce precisely that real and substantial pressure which would compel any reasonable person to terminate his employment).

 Further, Claimant's failure to relocate to the new job site was not unreasonable and cannot be a basis for denying him benefits. Claimant worked for Employer in the Carlisle area for over six years before the transfer, and his family resides in that area. Claimant testified that he was unable to relocate to Connecticut because he is the only child, and his father needs his assistance from time to time due to the heart condition.[3]

In *Treon,* the Pennsylvania Supreme Court held that "[t]he Unemployment Compensation Law does not require an employe to sever his ties to family and community and move to a new home over 100 miles away in order to begin work in a new location, especially when he has not yet had a reasonable opportunity to seek work closer to home...." *Treon,* 499 Pa. at 464, 453 A.2d at 964. The record in this matter fails to show that Claimant was given a reasonable opportunity to find a job closer to his home before the transfer. In fact, Claimant start-

ed a new full-time job in the Carlisle area on August 21, 1995, five weeks after quitting the job in Connecticut on July 14, 1995. Hence, Claimant is entitled to benefits until he found the new job following his termination of employment in Connecticut.

The referee and the Board concluded that because Claimant acknowledged the suitability of the job in Connecticut by accepting the transfer, his desire to return to his home "for personal reasons" does not constitute a necessitous and compelling reason under Section 402(b).

 Generally, once an employee accepted new terms of employment, it is presumed that the employment is suitable; therefore, the employee may not later assert that dissatisfaction with those terms constitutes a necessitous and compelling reason, unless there has been a change in the employment conditions or the employee was deceived by the employer or the employee was reasonably unaware of the unsuitable conditions when he accepted the position. *Naylon v. Unemployment Compensation Board of Review,* 83 Pa.Cmwlth. 502, 477 A.2d 912 (1984).

 In the matter *sub judice,* however, because Claimant before the transfer did not have a reasonable opportunity to find a job closer to his home, we cannot conclude that Claimant "accepted" the terms of the new job. Claimant testified that "I tried for seven weeks to work it out, but I just could not see a foreseeable future commuting back and forth, being away from my wife and family." N.T., p. 4. The Board does not dispute that Claimant would have been entitled to benefits if he refused to accept the transfer. To deny Claimant benefits only because he initially accepted the transfer in an effort to preserve his employment would result in penalizing him for making a reasonable effort in good faith to maintain employment.

 Where, as here, a claimant makes "laudable effort to maintain employment ... and ... is thereafter forced to terminate

---

3. The Board contends that Claimant in his brief has abandoned the argument based upon his family obligations. However, our review of Claimant's brief in its entirety indicates otherwise. Claimant not only relies on cases on the issue of an insurmountable commuting problem, but also discusses the evidence regarding his family obligations to support a necessitous and compelling reason for terminating his employment.

[his] employment when faced with stressful circumstances ... and insurmountable commuting problems as well, the decision to terminate employment rises above mere personal whim or choice and instead represents a reasonable response to causes of a necessitous and compelling nature." *Lechner v. Unemployment Compensation Board of Review,* 163 Pa.Cmwlth. 111, 639 A.2d 1317, 1320 (1994). Hence, we reject the Board's conclusion that Claimant accepted the terms of the new job and thereafter decided to terminate his employment for purely personal reasons or preference.

Accordingly, the Board erred in concluding that Claimant failed to establish cause of a necessitous and compelling nature for terminating his employment and that he is therefore ineligible for benefits under Section 402(b) of the Law. The order of the Board is reversed.

## ORDER

AND NOW, this 9th day of July, 1996, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed.