David J. WARWICK, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 18, 1997.

Decided Sept. 16, 1997.

---

Sara A. Austin, York, for Petitioner.

Judith M. Gilroy, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for Respondent.

Before PELLEGRINI and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

David J. Warwick (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a decision of a referee denying him benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1]

Claimant was employed part-time by Adia Temps (Employer) from January, 1996 to August 21, 1996. Claimant was assigned by Employer to various utilities and municipal services as a flagman at a rate of pay ranging from $6 to $9 per hour.

On October 27, 1996, Claimant filed an application for benefits alleging that he left his employment with Employer because of payroll problems. His application was denied by the York County Job Center on the basis that Claimant was getting a regular paycheck and Employer eventually corrected the payroll problem. Claimant appealed the Job Center's determination and a hearing was held before a referee.

Claimant testified that for eight weeks his paychecks were in an incorrect amount. The amount of the shortages ranged from $16 to $160. Claimant testified that after the fourth week, he complained about the errors and he was told that the problem had been correct-

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b). Section 402(b) provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

ed. Claimant told Employer on August 21st that he would accept no further assignments until his payroll problems were corrected. Claimant denied that he had submitted a resignation.

Witnesses for Employer admitted that continuing problems existed with Claimant's paychecks. Time cards for Claimant were faxed to Employer's pay-bill center in California and checks were issued from this location. On four occasions, June 28, July 1, August 22 and August 30, checks were written on Employer's local account to cover shortages in Claimant's paychecks. On other occasions, the local office contacted the pay-bill center requesting that missing or supplemental checks be issued.

Vicki Wynegar, Employer's senior placement specialist, testified that she spoke to Claimant on August 21st when he questioned the amount of a check he had received. Claimant asked the employee for the telephone number of the pay-bill center in California and the employee explained that Employer has a strict policy against giving out the number. The employee testified that Claimant stated that if he was not given the number, he would quit. The employee testified that she then deactivated Claimant's file so that he would not be called with job offers. Wendy Roth, Employer's customer service manager, testified that she spoke to Claimant on August 22nd and told him that she understood that he told Vicki Wynegar that he voluntarily resigned and that his resignation had been accepted. Roth testified that Claimant did not deny at that time that he had voluntarily quit.

On December 31, 1996, the referee issued a decision affirming the determination of the Job Center. Claimant then appealed to the Board which affirmed the denial of benefits. The Board concluded that although there were problems with Claimant's paychecks, the local office made responsible efforts to correct the errors. The Board also concluded that Employer ultimately paid Claimant all money owed to him and that he had no

reason to believe that Employer would not do so.[2] Claimant now appeals to this Court.

On appeal, Claimant argues that (1) there is no evidence in the record that he voluntarily terminated his employment and, in the alternative, (2) that there was sufficient evidence that he quit his job for cause of a necessitous and compelling nature. Our scope of review of an order of the Board is limited to determining whether constitutional rights were violated, whether an error was committed or whether necessary findings of fact are supported by substantial evidence. *Arbster v. Unemployment Compensation Board of Review*, 690 A.2d 805 (Pa.Cmwlth. 1997).

■ We first consider Claimant's argument that there was no evidence that he voluntarily terminated his employment. Claimant contends that he was exercising his option to not accept work, an option which he has exercised in the past. The testimony of Employer's witnesses, Vicki Wynegar and Wendy Roth, is sufficient to support a finding that Claimant voluntarily terminated his employment.

■ We next consider Claimant's argument that he had necessitous and compelling reasons for terminating his employment. A claimant who voluntarily quits a job bears the burden of proving that the termination was caused by reasons of a necessitous and compelling nature. *Quinn, Gent, Buseck & Leemhuis, Inc. v. Unemployment Compensation Board of Review*, 147 Pa.Cmwlth. 141, 606 A.2d 1300 (1992). Necessitous and compelling reasons for leaving one's job must result from circumstances which produce pressure that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner. *A–Positive Electric v. Unemployment Compensation Board of Review*, 654 A.2d 299 (Pa.Cmwlth.1995). Whether a claimant had cause of a necessitous and compelling nature to quit a job is a conclusion of law subject to review by this Court. *Wivell*

---

**2.** The Board noted that because Claimant was employed part-time, he would be ineligible to receive unemployment benefits only to the extent that his part-time wages exceeded the partial

benefit credit. *See Unemployment Compensation Board of Review v. Fabric*, 24 Pa.Cmwlth. 238, 354 A.2d 905 (1976).

*v. Unemployment Compensation Board of Review*, 673 A.2d 439 (Pa.Cmwlth.1996).

 This Court has held that several instances of tardy wage payments resulting in employee protest and refusal by the employer to guarantee timely payment of wages as demanded by the employee can constitute necessitous and compelling cause for that termination. *Carter v. Unemployment Compensation Board of Review*, 157 Pa.Cmwlth. 133, 629 A.2d 212 (1993). The claimant must have requested the employer to guarantee adherence to a rigid payment schedule after protesting the tardy payments. *Koman v. Unemployment Compensation Board of Review*, 61 Pa.Cmwlth. 604, 435 A.2d 277 (1981).

In *Emgee Engineering Co. v. Unemployment Compensation Board of Review*, 30 Pa.Cmwlth. 290, 373 A.2d 779 (1977), three claimants terminated their employment because they had not received their pay on the agreed-upon payday on several occasions. During the period September 1975 through December 1975, one claimant was paid late three times; the pays being two, three and five days late. From October 1975 through December 1975, the other two claimants received two late pays; their pays being two and five days late. The claimants met with the president of the company in December 1975 but did not receive a guarantee that pays would be timely issued in the future. On appeal, this Court upheld the Board's decision to award benefits. The Court stated that the claimants justifiably became concerned about their income security after several instances of late pays within the space of a few months. The Court further stated that the reason offered by the employer, problems with its cash flow, was not a sufficient reason for the claimants to be required to acquiesce in the lateness of the payments.

In the case before us, Claimant experienced problems with his paycheck for an eight-week period. After the fourth week, he complained about the errors in his paychecks and was told that the problem was corrected. Despite Employer's assurances, Claimant continued to have problems. Although the local office would sometimes write checks to cover the deficiencies, at other times, Claimant had to wait until the Califor-nia pay-bill center issued a check. We conclude that Employer's continued failure to assure that Claimant was paid in a correct amount on his regular pay day constituted cause of a necessitous and compelling nature for him to voluntarily terminate his employment. Accordingly, we reverse the order of the Board.

## ORDER

AND NOW, this 16th day of September, 1997, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed.

PELLEGRINI, J., dissents.