IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Horvath,                          :
                                        : No. 1940 C.D. 2015
                        Petitioner      : Submitted:  April 15, 2016
                                        :
            v.                          :
                                        :
Unemployment Compensation               :
Board of Review,                        :
                                        :
                        Respondent      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  June 16, 2016


           Donna Horvath (Claimant) petitions *pro se* for review of the order of

the Unemployment Compensation Board of Review (Board), which affirmed a

Referee's determination and held that Claimant was ineligible for benefits under

Section 402(b) of the Unemployment Compensation Law (Law).[1]  We affirm.

           Claimant was employed full-time by Univest Corporation of PA

(Employer) from April 21, 2014 through December 20, 2014, when she voluntarily

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).  Section 402(b) provides that an employee shall be ineligible for compensation for any week in which her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

quit her employment. The Service Center found that Claimant had resigned via a text message sent to Employer and determined that she did not show necessitous and compelling cause for leaving her employment. As a result, the Service Center denied benefits under Section 402(b) of the Law.[2]

Claimant appealed the determination, alleging that she did not voluntarily leave her employment. The Referee's hearing was continued at Claimant's request and neither Claimant nor Employer appeared at the rescheduled hearing. The Referee noted that "[n]othing in the Referee's folder suggests that either of the parties called to say they were going to be late or to request a continuance," and "[n]othing here shows that the Notice of Hearing that was mailed to both parties was returned [as] undeliverable by the postal authorities." N.T. 6/9/15[3] at 1. Accordingly, based on the documents in the claim file,[4] the Referee found that Claimant quit her employment and determined that she failed to sustain her burden of proving that she had a necessitous and compelling cause to quit under Section 402(b) because she failed to offer competent evidence supporting her claim of necessitous and compelling cause.

Claimant appealed to the Board alleging that she did not quit, but was discharged and not promoted due to ethnic and gender discrimination. The Board

---

[2] The Service Center noted a conflict regarding whether Claimant had quit or was discharged for willful misconduct. However, based on its finding that Claimant had initiated the separation from employment, the Service Center determined that Section 402(e) of the Law, 43 P.S. §402(e), relating to a claimant's ineligibility for benefits where employment has been terminated due to willful misconduct, is inapplicable in this case.

[3] "N.T. 6/9/15" refers to the transcript of the Referee's hearing.

[4] *See* 34 Pa. Code §101.51 ("If a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence. In the absence of all parties, the decision may be based upon the pertinent available records.").

adopted the referee's findings and conclusions and determined that Claimant failed to sustain her burden of proof or challenge the application of Section 402(b) by failing to appear at the hearing. The Board also found that there is no evidence that Claimant requested a postponement or continuance of the rescheduled hearing. As a result, the Board affirmed the Referee's determination that Claimant is ineligible for benefits under Section 402(b).

On appeal to this Court,[5] Claimant again argues that she did not voluntarily leave her employment, but was forced out of her position due to her nationality and that she was not promoted due to gender discrimination.[6] However, the burden of proof rested on Claimant to demonstrate the purported necessitous and compelling cause for her voluntarily quit. *Speck v. Unemployment Compensation Board of Review*, 680 A.2d 27, 29 (Pa. Cmwlth. 1996).[7] Because

---

[5] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987). "Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999).

[6] The Board did not file an appellate brief.

[7] As this Court explained:

> To meet that burden, the claimant must demonstrate circumstances which placed real and substantial pressure upon him or her to terminate employment, such as would also compel a reasonable person to act in the same manner. Whether a termination of employment was for necessitous and compelling reason is a conclusion of law to be made based upon the underlying facts and is reviewable by this Court.

*Speck*, 680 A.2d at 29 (citations omitted).

3

she failed to provide any competent evidence to meet her burden of proof, the Board did not err in concluding that Claimant did not establish the claimed ethnic and gender discrimination and that she is ineligible for benefits under Section 402(b) of the Law. *See, e.g., Anker v. Unemployment Compensation Board of Review*, (Pa. Cmwlth. No. 434 C.D. 2010, filed December 10, 2010), slip op. at 5 ("Unfortunately for Claimant, her failure to appear at the Referee's hearing meant that she failed to provide any competent evidence to meet her burden of proof on the ultimate legal issue. Accordingly, the Board did not err in deciding the case based upon the available records and denying benefits under Section 402(b) of the Law, 43 P.S. §802(b).") (footnote omitted).[8]

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

---

[8] *Anker*, as an unreported panel decision of this Court, has persuasive value, but it does not constitute binding precedent. Internal Operating Procedure 414(a), 210 Pa. Code §69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Horvath,                   :
                                  : No. 1940 C.D. 2015
               Petitioner   :
                                  :
              v.                 :
                                  :
Unemployment Compensation   :
Board of Review,            :
                                :
             Respondent :

O R D E R

AND NOW, this 16th day of June, 2016, the order of the Unemployment Compensation Board of Review, dated August 17, 2015, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge