IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah A. Clymer,            :
              Petitioner     :
                           :
       v.                  :
                           :
Unemployment Compensation  :
Board of Review,           :   No. 1806 C.D. 2017
              Respondent  :   Submitted: June 15, 2018

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: August 27, 2018

        Deborah A. Clymer (Claimant), *pro se*, petitions for review of the October 16, 2017 order of the Unemployment Compensation Board of Review (Board) that affirmed the determination of the referee denying Claimant unemployment compensation benefits under Section 402(b) of the Pennsylvania Unemployment Compensation Law (Law),[1] which provides that a claimant shall be ineligible for benefits in any week in which her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. Upon review, we affirm.

---

[1] Section 402(b) of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

Claimant was employed by Philadelphia Scientific, LLC (Employer) from July 17, 2000 to March 2, 2017. Certified Record (C.R.) Item No. 12, Board's Findings of Fact (F.F.) No. 1. In October of 2016, Employer transferred Claimant to the shipping department. Board's F.F. No. 2. Claimant testified that Employer informed her that the reason for the transfer was to provide her with less stressful work and also to accommodate the complaints of her co-workers. C.R. Item No. 9, 4/18/17 Transcript of Testimony, April 18, 2017 (T.T.) at 9. Claimant grew dissatisfied with her new position, claiming that her co-worker left his work for her to complete. Board's F.F. Nos. 3 & 4; *see also* T.T. at 4. Claimant complained to her manager, but did not communicate her concerns to human resources (HR). Board's F.F. Nos. 5-6. On February 20, 2017, Claimant submitted a resignation letter to Employer providing for two weeks' notice. Board's F.F. No. 7; T.T. at 5-6.

After leaving her position, Claimant applied for unemployment compensation benefits, which the Pennsylvania Department of Labor and Industry (Department) denied pursuant to Section 402(b) of the Law. C.R. Item No. 5, 3/21/17 Notice of Determination at 1. Claimant timely appealed the Department's determination. A referee held a hearing at which Claimant and Employer's HR supervisor testified. T.T. at 1. The referee affirmed the Department's denial of benefits. *See* C.R. Item No. 10, Referee's Decision & Order at 2-3. Claimant appealed, and the Board affirmed the referee's determination, finding that Claimant voluntarily quit her employment due to dissatisfaction with her co-worker and that this was not a necessitous and compelling cause. C.R. Item No. 12, Board's Decision

2

& Order at 2.  Claimant then petitioned this Court for review,[2] arguing that the Board

erred in affirming the referee's denial of unemployment compensation benefits.[3]

"A claimant who voluntarily terminates his employment has the burden

of proving that a necessitous and compelling cause existed." *Solar Innovations, Inc.*

*v. Unemployment Comp. Bd. of Review*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012);

*see* 43 P.S. § 802(b).  Employees who claim to have left their employ for a

necessitous and compelling reason must prove:

> (1) circumstances existed which produced real and
> substantial pressure to terminate employment; (2) such
> circumstances would compel a reasonable person to act in the
> same manner; (3) the claimant acted with ordinary common
> sense; and (4) the claimant made a reasonable effort to
> preserve her employment.

*Brunswick Hotel & Conference Center, LLC v. Unemployment Comp. Bd. of Review*,

906 A.2d 657, 660 (Pa. Cmwlth. 2006).  "Whether a claimant had cause of a

necessitous and compelling nature to quit a job is a conclusion of law subject to

---

[2] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed or whether constitutional rights were violated.  *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

[3] Claimant alleges that she "was denied the right to show any [] evidence in [sic] hearing that was relevant to [her] case."  Claimant's Brief at 9.  However, Claimant did not raise this argument in her appeal to the Board.  *See* C.R. Item No. 11, Claimant's Petition for Appeal.  Thus, the issue is waived.  *See* Pa. R.A.P. 1551(a) (stating that, with certain exceptions not applicable here, no question shall be considered by the court which was not raised before the government unit); *see also Crabbe v. Unemployment Comp. Bd. of Review*, 179 A.3d 1183, 1189 (Pa. Cmwlth. 2018) (stating that petitioner's failure to raise an issue before the Board impairs this Court's ability to review the Board's decision with respect to that issue, and, consequently, the issue is waived).

review by this Court." *Warwick v. Unemployment Comp. Bd. of Review*, 700 A.2d 594, 596 (Pa. Cmwlth. 1997).

Claimant asserts that she left her employment due to "concerns with the working conditions on the manufacturing floor and in the shipping department" stemming from issues regarding "safety" and an allegedly "hostile and unsuitable environment." Claimant's Brief at 8. The Board, however, did "not credit . . . [C]laimant's testimony that she quit for any other reasons than her concerns working with [her co-worker]." C.R. Item No. 12, Board's Decision & Order at 2.

The Board is the ultimate fact finding body and arbiter of credibility in unemployment compensation cases. *Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Review*, 173 A.3d 1224, 1227 (Pa. Cmwlth. 2017). "Questions of credibility and the resolution of evidentiary conflicts are within the discretion of the Board and are not subject to re-evaluation on judicial review." *Id.* "The Board . . . may reject even uncontradicted testimony if it is deemed not credible or worthy of belief." *Id.* Here, the Board's credibility determination led to its finding that the sole reason Claimant left her employment was dissatisfaction with her co-worker. Therefore, we must determine whether this reason constituted necessitous and compelling cause for Claimant to terminate her employment.

At the hearing, Claimant testified that she had a problem with her co-worker in the shipping department, who "was always on his phone, on the Internet." T.T. at 4. According to Claimant, she "ended up doing 80 to 85 percent of the work" in shipping, and she felt overwhelmed. *Id.* at 6; *see also id.* at 4. Claimant further testified that despite being told she would work only part-time in the shipping department, she "ended up doing it all the time." *Id.* at 4. Claimant "thought the

4

work was supposed to be split and [she] was just supposed to be a backup person" in shipping. *Id.* at 6.

Although Claimant testified regarding her dissatisfaction with her co-worker, the Board determined that Claimant "failed to credibly establish that her job conditions became onerous." C.R. Item No. 12, Board's Decision & Order at 2. "It is well established that normal workplace strains are insufficient to justify a voluntary resignation. The working conditions must be tantamount to intolerable." *Brandy v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 2425 C.D. 2015, filed Nov. 22, 2016), slip op. at 7[4] (citing *Ann Kearney Astolfi DMD PC v. Unemployment Comp. Bd. of Review*, 995 A.2d 1286, 1289 (Pa. Cmwlth. 2010)); *see also Foglia v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 312 C.D. 2011, filed Aug. 30, 2011), slip op. at 2, 5-7 (finding that the claimant failed to establish that changes to her assigned duties and volume of work resulting from employer's new priority system "constituted such an onerous modification in her employment conditions that a reasonable person would have been compelled to quit").

The Board concluded that "the actual reason for the [C]laimant's decision was her dissatisfaction [in] working with the other shipper." C.R. Item No. 12, Board's Decision & Order at 2. As this Court has held, "[m]ere dissatisfaction with one's working conditions is not a necessitous and compelling reason for terminating one's employment" under Section 402(b) of the Law. *Spadaro v. Unemployment Comp. Bd. of Review*, 850 A.2d 855, 860 (Pa. Cmwlth. 2004). Thus, the Board did not err in concluding that Claimant failed to meet her burden of

---

[4] While this Court's unreported memorandum opinions may not be cited as binding precedent, they may be cited for persuasive value. 210 Pa. Code § 69.414.

proving that a necessitous and compelling cause prompted her to leave her employment.[5]

Accordingly, we affirm the Board's decision and order.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[5] Claimant also argues that the Board erred in concluding that Claimant did not preserve her employment because she did not address her concerns with HR. Claimant's Brief at 8-9. Because Claimant failed to establish the other elements required to prove a necessitous and compelling reason for leaving her employment, as discussed *supra*, we need not address this argument.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah A. Clymer,  :
              Petitioner  :
                :
         v.  :
                :
Unemployment Compensation  :
Board of Review,  :    No. 1806 C.D. 2017
             Respondent  :

# O R D E R

AND NOW, this 27th day of August, 2018, the order of the Unemployment Compensation Board of Review dated October 16, 2017 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge