IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Concordia of the South Hills,   :
      Petitioner  :
         :
   v.      :
         :
Unemployment Compensation  :
Board of Review,    : No. 602 C.D. 2022
     Respondent : Submitted: April 6, 2023


BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
    HONORABLE CHRISTINE FIZZANO CANNON, Judge
    HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON   FILED: August 17, 2023


   Concordia of the South Hills (Employer) petitions for review of the May 18, 2022 order of the Unemployment Compensation Board of Review (Board) that reversed a referee's decision and concluded claimant was not ineligible for benefits under section 402(b) of the Unemployment Compensation Law (Law),[1] which provides that a claimant shall be ineligible for benefits in any week in which her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. Upon review, we affirm.

## I. Background

   Beginning in April 2014, Judith Solomich (Claimant) worked for Employer as a part-time guest services receptionist. *See* Board Decision and Order

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

dated May 18, 2022 (Board Decision) at 1, Findings of Fact (FF) No. 1. Following the onset of the COVID-19 pandemic, Claimant's supervisor directed Claimant to take guests' temperatures upon their arrival. *See* Board Decision at 1, FF No. 2. This responsibility made Claimant uncomfortable, as she was not medically trained. *See* Board Decision at 1, FF No. 2. Concerned that visitors and other staff members were not practicing proper social distancing pursuant to COVID-19 requirements, Claimant placed a sign at her workstation requesting that others observe appropriate social distancing. *See* Board Decision at 1, FF Nos. 4 & 5. Claimant communicated her safety concerns to her supervisor and requested a transfer to a different department or a kitchen department with less social contact.[2] *See* Board Decision at 1, FF No. 6. Claimant's supervisor lacked the authority to transfer Claimant but did not direct Claimant to bring her concerns to Employer's Human Resources (HR) or otherwise inform Claimant of an alternative procedure to report her concerns and/or to request a transfer. *See* Board Decision at 1-2, FF No. 7. By letter dated July 13, 2020 (Claimant Letter), Claimant advised Employer that she was retiring and left her employment based on what she perceived were unsafe working conditions. *See* Board Decision at 21, FF Nos. 8 & 9; *see also* Claimant Letter, Certified Record (CR) at 15.

Claimant thereafter applied for unemployment compensation (UC) benefits, explaining in her Internet Initial Claims Form (Claim Form) that she "was moved from regular job to risk job[,]" and that she quit[3] for "C[OVID –] 19, [h]ealth

---

[2] Employer had not informed Claimant of specific rules or procedures to be followed to report issues or concerns regarding her work conditions or to request an accommodation. *See* Board Decision at 1, FF No. 3.

[3] Claimant indicated on the Claim Form that she "retired." *See* Claim Form at 2; CR at 8. Later, in a cover letter that accompanied her Petition for Appeal from the UC Service Center's

2

reasons." Claim Form; CR at 9. Employer responded to the UC Service Center's Employer Questionnaire Separation Information request, explaining that Claimant had voluntarily retired for personal reasons as evidenced by the Claimant Letter. *See* Employer Questionnaire and Separation Information, CR at 12-21. The UC Service Center denied Claimant's UC claim by Notice of Determination mailed on December 18, 2020, ruling her ineligible for benefits under section 402(b) of the Law. *See* Notice of Determination; CR at 23-25. Claimant timely appealed to a referee and a hearing was held on February 22, 2021. *See* Notes of Testimony, February 22, 2021 (NT); CR at 71-85. At the hearing, Claimant proceeded *pro se* and testified on her own behalf. *See* NT at 5-9; CR at 76-80. Employer also participated and presented testimony at the hearing.[4] *See* NT at 1-14; CR at 72-85. Based on the testimony and documentary evidence presented,[5] the referee affirmed the decision of the UC Service Center, finding Claimant ineligible for benefits under section 402(b) of the Law, and denying Claimant benefits. *See* Referee's Decision/Order at 1-3; CR at 87-89.

Claimant appealed to the Board. *See* Petition for Appeal from Referee's Decision/Order; CR at 93-114. After reviewing the record and the Referee's Decision/Order, the Board determined that Claimant met her burden of proving that she left work for cause of a necessitous and compelling nature and determined that Claimant was not ineligible for UC benefits under section 402(b) of

---

Notice of Determination denying her UC claim, Claimant explained that she "inadvertently put down retirement rather than quitting when I gave notice of leaving my employment." *See* Claimant Letter to UC Service Center; CR at 31.

[4] Employer was represented at the hearing by its Human Resource Manager, Cathy Cicco, and presented the testimony of Wendy Kohler, its Front Desk Supervisor. *See* NT at 1-2 & 7-8.

[5] Prior to taking testimony, the referee entered into evidence without objection documents relevant to Claimant's UC benefits application. *See* NT at 3.

the Law. *See* Board Decision. Therefore, the Board reversed the Referee's Decision and granted Claimant UC benefits. *See id.* at 2. Employer then petitioned this Court for review.[6]

## II. Issues

On appeal, Employer contends that the Board erred by reversing the referee's determination that Claimant was ineligible for UC benefits under section 402(b) of the Law. *See* Employer's Br. at 2, 6-10. Employer claims that Claimant failed to carry her burden to demonstrate that she reasonably attempted to preserve her employment and that the Board's finding that Claimant established a compelling basis for her resignation is therefore not supported by substantial evidence. *See* Employer's Br. at 6-10. Employer is not entitled to relief.

## III. Discussion

Initially, we note that

> the Board, not the referee, is the ultimate fact finding body and arbiter of credibility in UC cases. Questions of credibility and the resolution of evidentiary conflicts are within the discretion of the Board and are not subject to re-evaluation on judicial review. The Board . . . may reject even uncontradicted testimony if it is deemed not credible or worthy of belief. We are bound by the Board's findings so long as there is substantial evidence in the record, taken as a whole, supporting those findings.

*Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 1224, 1227-28 (Pa. Cmwlth. 2017) (internal citations, quotations, and brackets omitted).

---

[6] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

4

Section 402(b) of the Law provides that an employee will be ineligible for UC benefits for any week "[i]n which [her] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" 43 P.S. § 802(b). "Whether a claimant had cause of a necessitous and compelling nature to quit a job is a conclusion of law subject to review by this Court." *Warwick v. Unemployment Comp. Bd. of Rev.*, 700 A.2d 594, 596 (Pa. Cmwlth. 1997).

"A claimant who voluntarily terminates [her] employment has the burden of proving that a necessitous and compelling cause existed." *Solar Innovations, Inc. v. Unemployment Comp. Bd. of Rev.*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012). An employee who claims to have left her employ for a necessitous and compelling reason must prove:

> (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment.

*Brunswick Hotel & Conf. Ctr., LLC v. Unemployment Comp. Bd. of Rev.*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). This Court has explained that, in a COVID-related case where an employee has a concern about the utilization of inadequate safety measures, or fears related to her health, or both, the burden to make a reasonable effort to preserve employment requires an employee to give notice to the employer as to her concerns and health conditions and to allow the employer an opportunity to modify the employee's work conditions. *See Lundberg v. Unemployment Comp.*

5

*Bd. of Rev.* (Pa. Cmwlth., No. 29 C.D. 2021, filed Oct. 14. 2021),[7] slip op. at 3. "This is the case even where there is a real and serious safety concern, or where a[n employee] has a medical condition which endangers her." *Id.* (first citing *Iaconelli v. Unemployment Comp. Bd. of Rev.*, 423 A.2d 754, 756 (Pa. Cmwlth. 1980), then citing *St. Clair Hosp. v. Unemployment Comp. Bd. of Rev.*, 154 A.3d 401 (Pa. Cmwlth. 2017)). "Once [a concern is] communicated, an employer must have a reasonable opportunity to make accommodations with respect to the work conditions and/or medical condition." *Id.* (citing *Blackwell v. Unemployment Comp. Bd. of Rev.*, 555 A.2d 279, 281-82 & n.6 (Pa. Cmwlth. 1989)).

As the prevailing party below, Claimant is entitled to the benefit of all reasonable inferences drawn from the evidence on review. *See Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Rev.*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

Claimant's testimony in the instant matter reveals that Claimant harbored genuine fears regarding dangers presented to her by the COVID-19 pandemic. *See* NT at 5-9 & 11-12; CR at 76-80 & 82-83. Claimant explained that she is asthmatic and had concerns for her health when asked, in her role as Guest Services Receptionist, to take temperatures of persons entering the building. *See* NT at 5-6; CR at 76-77. She feared Employer's COVID-19 prevention protocols were not being appropriately observed. *See* NT at 5; CR at 76. Claimant presented her supervisor with multiple requests to be transferred from her position to one with less risk of possible exposure to COVID-19, even to the kitchen, if necessary, but her request was not honored. *See* NT at 6-8; CR at 77-79. Further, Claimant explained that she was never instructed to either contact HR regarding a transfer or instructed

---

[7] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

on any protocols or procedures beyond speaking with her supervisor by which she was to request a transfer. *See* NT at 6-8; CR at 77-79.

Based on this testimony, the Board found that

> [C]laimant credibly testified that she communicated her safety concerns to her supervisor and asked to be transferred to the "kitchen." However, the supervisor did not direct [C]laimant to go to HR. Nor did the [E]mployer inform [C]laimant of the proper procedure to request a transfer or report unsafe working conditions. Thus, [C]laimant's efforts to communicate her issues to her supervisor prior to quitting were sufficient. [E]mployer did not address [C]laimant's problem or offer her an accommodation.

Board Decision at 2.

Based on this record, we conclude that substantial evidence existed to support the Board's necessary findings of fact that Claimant met her burden of proving that she left work for cause of a necessitous and compelling nature. *See* Board Decision at 2. We are therefore bound by this finding. *See Waverly Height*s, 173 A.3d at 1228. Because Claimant communicated her issues and concerns to Employer, but Employer failed to accommodate Claimant's issues or to instruct her how to otherwise properly request a transfer, the Board did not err in concluding that Claimant had cause of a necessitous and compelling nature to terminate her employment. *See Lundberg*. Accordingly, we affirm the Board's Decision reversing the Referee's Decision/Order and determining that Claimant was not ineligible for UC benefits under section 402(b) of the Law.

7

## IV.  Conclusion

For the foregoing reasons, we affirm the Board Decision.


_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Concordia of the South Hills,     :
           Petitioner     :
                               :

        v.                       :

Unemployment Compensation     :
Board of Review,     :    No. 602 C.D. 2022
           Respondent     :

## O R D E R

AND NOW, this 17th day of August, 2023, the May 18, 2022 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge